Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2609 | **DATE** | June 10, 2013 |
| **CASE TITLE** | Stevie Jackson (#2012-1004161) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [6] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $13.54 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Cook County Jail. Plaintiff may proceed with his complaint against Superintendents Reyes and Lisle, Sheriff Tom Dart, and Executive Director Hickerson. The Clerk shall issue summons for service of the complaint on these Defendants and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this court. Cermak Health Services is dismissed as a Defendant. Plaintiff's motion to be represented by counsel [4] is denied without prejudice.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Plaintiff Stevie Jackson, an inmate in the custody of the Cook County Department of Corrections, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants Sheriff Tom Dart, Director Hickerson, and Superintendents Reyes and Lisle, have ignored his requests for an examination by an eye doctor. Plaintiff states that he has very poor vision, is unable to read his mail, and often experiences headaches. He contends that, since he entered the jail in October 2012, he wrote to the Defendants numerous times requesting an eye examination but has received none.

     Plaintiff has submitted a completed *in forma pauperis* ("IFP") in accordance with the Court's May 6, 2013, order. The court grants the IFP motion and assesses an initial partial filing fee of $13.54. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff remains responsible for this payment obligation, even if he is transferred, and jail authorities shall notify transferee authorities of any remaining balance owed.

     The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The above-stated allegations state colorable claims against Superintendents Reyes and Lisle, as well as Sheriff Tom Dart and Executive Director Hickerson. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).(refusal to treat or delay in treating a serious medical condition can amount to deliberate indifference to a serious medical need); *Starks v. Powers*, No. 02-CV-1252-JPG, 2006 WL 929359, 4 (S.D. Ill. Apr. 10, 2006) (Gilbert, J.) (prison

| STATEMENT |
|---|

officers' failure to obtain treatment for an inmate's vision issues can amount to deliberate indifference). Cermak Health Services, which is not a suable entity, is dismissed. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993) (neither the Cook County Jail nor a division therein is considered to have a separate legal existence from the sheriff's office or county and is not itself a suable entity).

The Clerk shall issue summons for service of the complaint on Cook County Jail Superintendents Reyes and Lisle (or Lyles), Sheriff Tom Dart, and Executive Director Hickerson. The United States Marshals Service is appointed these Defendants. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee no longer at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, however, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013), and will review several factors in determining whether to do so, including whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and whether the case is too factually or legally difficult for the prisoner to handle on his own, in light of his education, his litigation experience, and his communication skills. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). After considering the above factors, the court concludes that the solicitation of counsel is not warranted at this stage. Plaintiff has presented no information concerning his efforts to retain private counsel, and though he has identified vision problems and some mental health concerns, he has successfully litigated dozens of cases in this court, and his submissions to date have been coherent and articulate. His motion for attorney representation is denied without prejudice to renewal, should circumstances warrant.